UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANITA AUSTIN, on behalf of herself and all others similarly situated,

        Plaintiff,

  v.

MEDICREDIT, INC.,

        Defendant.

Case No.

**CLASS ACTION COMPLAINT
JURY TRIAL DEMANDED**

Plaintiff Anita Austin ("Plaintiff" or "Ms. Austin"), individually and on behalf of all others similarly situated, alleges the following on information and belief against Medicredit, Inc. ("Medicredit" or "Defendant") regarding Defendant's violations of the Telephone Consumer Protection Act (TCPA). Plaintiff brings this Complaint to: (1) stop Defendant's practice of placing calls using an artificial and prerecorded voice and/or an "automatic telephone dialing system" (ATDS) to the cellular telephones of consumers nationwide without their prior express written consent; (2) enjoin Defendant from continuing to place calls using an artificial and prerecorded voice and/or autodialed telephone calls to consumers who did not provide their prior express written consent to receive them, and (3) obtain redress for all persons injured by its conduct.

## NATURE OF THE ACTION

1. Medicredit called Ms. Austin's cellular telephone at least once using an artificial and prerecorded voice and/or an ATDS, including a call on June 11, 2018 from telephone number: (800) 823-2318.

2. When Plaintiff answered the call, she heard a recorded voice which stated "I have an important message for . . . ," but then disconnected. Not only was the call placed with an artificial or prerecorded voice, but it is indicative of the use of a predictive dialer as the call disconnected, presumably because no agent was available to take the call and the phone system dropped the call.

3. Plaintiff never provided express written consent to be called by Medicredit.

4. The unlawful call placed to Plaintiff is part of Medicredit's pattern of practice of calling consumers on their cellular telephones using an artificial or prerecorded voice and/or an autodialer who have no direct relationship with Medicredit, and are not the proper subjects of the calls.

5. Defendant's calls were doubly violative of the TCPA because Defendant placed these calls with an artificial or prerecorded voice and a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

6. Medicredit conducted (and continues to conduct) a wide-scale campaign that features the repeated making of unwanted autodialed phone calls to consumers' cellular telephones without prior express written consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Medicredit's campaign of unlawful conduct also includes the use of an artificial and prerecorded voice.

7. By making these automated and autodialed calls, Medicredit caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to the consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their

wireless carriers for the receipt of such calls, in the form of the diminished use, enjoyment, value, and utility of their cellular telephone plans.

8. Furthermore, Medicredit made the calls knowing they interfered with Plaintiff's and the other Class members' use and enjoyment of, and the ability to access their cellphones, including the related data, software, and hardware components.

9. Medicredit called Ms. Austin's cellular telephone at least once using an artificial and prerecorded voice and/or an automatic telephone dialing system, including a call on June 11, 2018 from telephone number: (800) 823-2318.

10. The June 11, 2018 call was placed with a recorded voice which stated "I have an important message for . . . ," but then disconnected.  Not only was the call placed with an artificial or prerecorded voice, but it is indicative of the use of a predictive dialer as the call disconnected, presumably because no agent was available to take the call and the phone system dropped the call.

11. Medicredit placed these calls with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers.

12. When Plaintiff answered Defendant's call, she heard a momentary pause.  This pause is a hallmark of a predictive dialer.  According to experts on telecommunications equipment, predictive dialers have the inherent present

capacity to both (1) store and dial a list of telephone numbers without human intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

13. Plaintiff did not give Defendant prior express written consent to make these calls.

14. Plaintiff brings this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiff and class members on their telephones using an artificial or prerecorded voice and an ATDS without their prior express written consent within the meaning of the TCPA.

## PARTIES

15. Plaintiff Anita Austin is, and at all times mentioned herein was, a resident of Lake Worth, Florida, and a citizen of the State of Florida.

16. Defendant Medicredit, Inc. is, upon information and belief, a Missouri corporation with a principle place of business at 3620 I-70 Dr. SE, Suite C, Columbia, MO 65201.

17. Medicredit conducts business throughout this District and the State of Florida.

## JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed class; (b) some members of the proposed class have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate. *See* 28 U.S.C. § 1332(d)(2) and (6).

19. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of a federal statute, the TCPA.

20. This Court has personal jurisdiction over Defendant because Defendant made and continues to make unwanted autodialed calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

21. Venue is proper in this District under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, Defendant made and continues to make unwanted autodialed calls in this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

**FACTS COMMON TO ALL CAUSES OF ACTION**

**A.     The TCPA Of 1991**

22.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

23.     The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers," defined as equipment which "has the capacity . . . (a) to store or produce telephone numbers to be called, using a random or sequential number generator; and (b) to dial such numbers." 47 U.S.C. § 227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

24.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual.  2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.     Medicredit's Calls to Plaintiff and Class Members**

25.     Plaintiff has never had any contact with Defendant.

26.     Medicredit called Ms. Austin's cellular telephone at least once using an artificial and prerecorded voice and/or an automatic telephone dialing system, including a call on June 11, 2018 from telephone number: (800) 823-2318.

27.     Defendant owns the telephone number (800) 823-2318. In fact, when the number is dialed back, an automation answers which states: "Hello, thank you for calling Medicredit Incorporated . . . ."

28.     Specifically, the hardware and software used by Defendant placed the calls at issue with a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers, *en masse*, in an automated fashion without human intervention.

29.     Defendant's automated dialing equipment also is, or includes features substantially similar to, a predictive dialer, meaning that it is capable of making numerous phone calls simultaneously and automatically connecting answered calls to then available callers and disconnecting the rest (all without human intervention).

30.     When Plaintiff answered Defendant's call, she heard a momentary pause. This pause is a hallmark of a predictive dialer. According to experts on telecommunications equipment, predictive dialers have the inherent present capacity to both (1) store and dial a list of telephone numbers without human

intervention, and (2) generate random or sequential telephone numbers and to then dial those numbers.

31. Plaintiff's situation is not unique because when placing these calls to consumers, Defendant fails to obtain prior express written consent as required by the TCPA from cellular telephone owners/users to make such calls.

32. At all times material to this Complaint, Defendant was and is fully aware that unwanted autodialed telemarketing calls are being made to consumers' cellular telephones through its own efforts and their agents.

33. Defendant knowingly made (and continues to make) autodialed and prerecorded solicitation calls to cellular telephones without the prior express written consent of the call recipients. In so doing, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

34. Online consumer complaints regarding Defendant's unsolicited phone calls from this same number are legion:

- "800-823 2318 keeps calling, won[']t leave a message."[1]
- "[Medicredit] calls my cell all the time but when [I] answer they aren't responding, then has the audacity to call me at work and state that [I] won't answer their calls.  informed them they can't call someone at work and the

---

[1] https://800notes.com/Phone.aspx/1-800-823-2318 (last visited 9/4/18).

fact that [I] do answer the calls. [A]lso, [I] haven't seen a bill from their company for [money] owed."

- "They call EVERY SINGLE DAY. I don't even answer it because there is nobody on the other end of the line. This morning they called at 8:15. I keep reporting them to the do not call registry, but nothing has changed."

- "They call at least 3 times per day. Just yesterday they called 9:03 am, 1:13pm and 8:54 pm est. They don't leave a message and there is no one there when you pick up."

- "I get calls from this number almost every day. It's driving me nuts. I never answer, since I don't know who it is, and most of the time, there isn't even a message. On a few occasions, an automated message was left for some person I don't even know. Supposedly it had confidential information; about what, I don't know. I just deleted it. But is there any way to get this number to just STOP CALLING?[]"

- "I have no idea why they call, put me on hold & then I hang up [be]cause I have no debt to be collected."

- "[Medicredit] calls everyday, want me to wait for a representative, won['] t say why they are calling."

35. These complaints represent just a small sampling of voluminous customer complaints regarding Medicredit's practices and clear violations of the TCPA.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated.

37. Plaintiff proposes the following Class definition:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA and/or with an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date that class notice is disseminated.

38. Plaintiff represents, and is a member of, this proposed class. Excluded from the Class is Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

39. **Numerosity.** Plaintiff does not know the exact number of members in the proposed Class, but reasonably believes, based on the scale of Defendant's business, that the class is so numerous that individual joinder would be impracticable.

40. **Existence and predominance of common questions of law and fact.** Plaintiff and all members of the proposed Class have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the

aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

41. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

42. The proposed class can be identified easily through records maintained by Defendant.

43. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed class. Those common question of law and fact include, but are not limited to, the following:

> a. Whether Defendant made telephone calls to Plaintiff and class members using a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers without human intervention;
> b. Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;
> c. Whether Defendant's conduct was knowing and/or willful;
> d. Whether Defendant is liable for damages, and the amount of such damages, and
> e. Whether Defendant should be enjoined from engaging in such conduct in the future.

44. **Typicality.** Plaintiff asserts claims that are typical of each member of the class because they are all persons who received calls on their telephones using a predictive dialer with the present capacity to function as an autodialer by generating random or sequential telephone numbers and dialing those numbers without human intervention and/or an artificial or prerecorded voice without their prior express written consent.  Plaintiffs will fairly and adequately represent and protect the interests of the proposed class, and have no interests which are antagonistic to any member of the proposed class.

45. **Adequacy of Representation.** Plaintiff will fairly and adequately represent and protect the interests of the proposed class, and has no interests which are antagonistic to any member of the proposed class.

46. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

47. **Superiority.** A class action is the superior method for the fair and efficient adjudication of this controversy.

48. Class wide relief is essential to compel Defendant to comply with the TCPA.

49. The interest of the members of the proposed class in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are relatively small.

50. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the class, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

51. Defendant has acted on grounds generally applicable to the proposed class, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed class as a whole appropriate.

52. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## FIRST CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

53. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

54. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

55. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff and members of the proposed class are entitled to treble

damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

56. Plaintiff and members of the proposed class are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

57. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq*.

58. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

59. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

60. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and members of the proposed class are entitled to an award of $500.00 in statutory damages for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Plaintiff and members of the proposed class are also entitled to, and do, seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

62. Plaintiff and members of the proposed class are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all members of the proposed class the following relief against Defendant:

    a. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    b. As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

    c. As a result of Defendant's violations of the TCPA, Plaintiff seeks for himself and each member of the proposed Class $500.00 in statutory damages for each and every call that violated the TCPA;

    d. An award of attorneys' fees and costs to counsel for Plaintiff and the proposed class;

e.  An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate class, finding that Plaintiff is a proper representative of the class, and appointing the lawyers and law firm representing Plaintiff as counsel for the class;

f.  Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  September 4, 2018           Respectfully submitted,

By:  */s/ Scott A. Bursor*
       Scott A. Bursor

**BURSOR & FISHER, P.A.**
Scott A. Bursor
Joshua D. Arisohn (*To Be Admitted PHV*)
Andrew Obergfell (*To Be Admitted PHV*)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com
             jarisohn@bursor.com
             aobergfell@bursor.com

*Attorneys for Plaintiff*